USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 2 5 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Patrick Alcindor,

            Plaintiff,

—v—

Eric T. Schneiderman, et al.,

            Defendants.

15-cv-1892 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Pro se Petitioner Patrick Alcindor seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 14, 2017, Magistrate Judge Cott issued a report recommending that Alcindor's habeas petition be denied. Dkt. No. 53 ("R&R"). Alcindor has filed timely objections to Judge Cott's report. See Dkt. Nos. 56 (extending time to file objections), 57 ("Objections"). Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report and Recommendation in its entirety.

I.     BACKGROUND

The Court assumes familiarity with the facts and procedural background as laid out in the Report and Recommendation. Briefly, Alcindor was arrested in March 2010 for his role in an alleged Medicaid billing scheme. See Dkt No. 21, Exs. 1-4 ("State Court Record"), at 541-42; Dkt. No. 21, Exs. 5-7 ("Transcript") at 718. Specifically, Alcindor, a pharmacist, was alleged to have purchased prescriptions from Medicaid patients and billed Medicaid for filling those prescriptions, though he did not actually provide the medication to the patients. See, e.g., Transcript at 155-57. In September 2010 and February 2011, Alcindor delivered to the

1

pharmacy's attorney fabricated records regarding the pharmacy's drug purchases. Transcript at 441-48, 499.

Alcindor proceeded to trial on January 30, 2012. *See* State Court Record at 529. On February 10, 2012, a jury found Alcindor guilty of three counts of grand larceny in the third degree, three counts of attempted grand larceny in the third degree, one count of grand larceny in the fourth degree, one count of attempted grand larceny in the fourth degree, and two counts of tampering with physical evidence. State Court Record at 475-76. The jury acquitted Alcindor of one count of grand larceny in the first degree and seven counts of criminal diversion of prescription medications and prescriptions in the fourth degree. *Id.* On March 6, 2012, the State Court reduced the larceny convictions to attempted larceny convictions. *See* Dkt. No. 21, Ex. 7 ("Sentencing Transcript"), at 3-4. Alcindor was then sentenced to an aggregate term of six and a half to 13 years' imprisonment. Sentencing Transcript at 16.

Alcindor appealed his conviction to the Appellate Division, First Department, which affirmed the conviction. State Court Record at 1-71, 648-49. Alcindor then sought leave to appeal to the New York Court of Appeals, but the Court of Appeals denied the application. State Court Record at 650-57, 668.

In March 2015, Alcindor filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 2. The Court referred the proceeding to Judge Cott for a report and recommendation. Dkt. No. 9. On September 29, 2015, Judge Cott indicated that he would also consider claims that Alcindor had raised in a motion to file a successive habeas petition, a motion the Second Circuit denied because Alcindor still had a pending habeas petition in this court. Dkt. No. 30.

In September 2015, Alcindor filed a petition for a writ of error coram nobis in the First Department. Dkt. No. 49, Exs. 1-9 ("Supplemental State Court Record") at 6-27. The First Department denied the petition, and the Court of Appeals denied leave to appeal. Supplemental State Court Record at 709, 733.

This action was stayed pending the error coram nobis proceeding. Dkt. No. 33. After the conclusion of the error coram nobis proceeding, Alcindor filed an amended habeas petition with this Court in May 2016. Dkt. No. 35.

On April 14, 2017, Judge Cott recommended that Alcindor's habeas petition be denied. R&R. The Report and Recommendation addresses all claims that Alcindor made throughout his petitions to this Court.

Alcindor filed timely objections to Judge Cott's report. *See* Objections. The court adopts the Report and Recommendation in its entirety and thus denies Alcindor's habeas petition.

## II. LEGAL STANDARD

When reviewing a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to the report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Any unobjected-to portions of the report and recommendation are reviewed for clear error. *Watson v. Geithner,* No. 11-CV-9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013).

Because Alcindor is proceeding pro se, his submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

## III. DISCUSSION

Alcindor raises many objections to the Report & Recommendation. Although some of the objections are a bit difficult to parse, in essence, Alcindor argues that (1) none of his claims are procedurally barred because the procedural default, which Alcindor acknowledges exists for some of the claims,[1] was caused by the ineffective assistance of counsel, and denying review would result in a fundamental miscarriage of justice, *see* Objections at 3-5; (2) the evidence was legally insufficient to support his larceny and tampering convictions, *see* Objections at 5-16, 29-42, 53-55; (3) his appellate counsel was ineffective on direct review by omitting significant and obvious issues—including claims that Alcindor's trial counsel was ineffective—in favor of weaker ones, *see* Objections at 16-22, 42-53, 55-58; (4) his sentence was based on acquitted conduct, *see* Objections at 23-25; (5) his sentence was punishment for going to trial, *see* Objections at 25-28; (6) his trial counsel was ineffective, *see* Objections at 42-53; and (7) the trial court erred in precluding cross-examination of the pharmacy's attorney regarding the extent to which he reviewed the false records, *see* Objections at 58-59.

As to Alcindor's first objection, as Alcindor recognizes, *see* Objections at 4, several of his claims are procedurally defaulted because he failed to raise them to the New York Court of Appeals. Alcindor has failed to establish cause for the default because, as Alcindor

---

[1] To the extent that Alcindor objects to the Report & Recommendation's conclusion that procedural default bars Alcindor's claims about the ineffective assistance of trial counsel, the Court agrees with that conclusion, as discussed below. However, to the extent that Alcindor objects to the conclusion that procedural default bars his claim that his appellate counsel was ineffective for failing to argue that Alcindor's trial counsel was ineffective, that is not, in fact, the conclusion that the Report & Recommendation reached. Instead, Judge Cott rejected Alcindor's claim that his appellate counsel was ineffective for failing to raise on direct appeal that trial counsel was ineffective because the underlying claims challenging the effectiveness of Alcindor's trial counsel lacked merit. *See, e.g.*, R&R at 42.

4

acknowledges, *see* Objections at 42, there is not an established constitutional right to counsel on a discretionary appeal, *see Veras v. Strack*, 58 F. Supp. 2d 201, 208-09 (S.D.N.Y. 1999). Alcindor's response that he exhausted his claim of ineffective assistance of appellate counsel, *see* Objections at 4-5, is inapposite.[2] In addition, Alcindor has not demonstrated that applying a procedural bar would result in a fundamental miscarriage of justice because he has not provided new reliable evidence of innocence not presented at trial. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). Thus Alcindor's second objection—as it relates to the legal sufficiency of the evidence supporting his tampering convictions—is procedurally barred because it was not presented to the New York Court of Appeals. *See* State Court Record at 650-57. Similarly, Alcindor's sixth objection, that his trial counsel was ineffective, and his seventh objection, regarding the limitations on the cross-examination of the pharmacy's attorney, are procedurally barred.

To the extent that they are not procedurally barred, Alcindor's second, fourth, and fifth objections fail on the merits: Circumstantial evidence supports Alcindor's larceny conviction; even if the sentencing court considered acquitted conduct, it indicated that it believed such conduct had been proven by a preponderance of the evidence, *see* Sentencing Transcript at 10; *United States v. Watts*, 519 U.S. 148, 156-57 (1997); and there is no indication that Alcindor's sentence was punishment for going to trial, something that the sentencing court expressly disclaimed, *see* Sentencing Transcript at 14.

---

[2] It seems that Alcindor may believe that the Report & Recommendation concluded that his ineffective assistance of appellate counsel claim was procedurally defaulted. *See* Objections at 3. However, Judge Cott did not reach that conclusion; instead, he stated that Alcindor's argument that his appellate counsel was ineffective did not constitute cause to excuse his procedural default of other claims, *see, e.g.*, R&R at 26-28, and he explained that the ineffective assistance of appellate counsel claims failed because the underlying claims lacked merit and/or because there is no constitutional right to counsel for a discretionary appeal, *see, e.g.*, R&R at 41-42.

Alcindor's third objection also fails because the arguments that Alcindor insists his appellate counsel should have made, *see, e.g.*, Objections at 20-22, are meritless, *see, e.g.*, R&R at 42-48.

### IV.  CONCLUSION

The Court adopts the Report and Recommendation in its entirety and denies the habeas petition. In addition, the Court declines to issue a certificate of appealability. Plaintiff has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). This Order will be mailed by Chambers to the pro se Plaintiff.

SO ORDERED.

Dated: January 25, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge